C:\MKP\Lee, Thomas\Complaint.Final.docx

Adam D. Kim, Esq. (SBN 248445)
akim@mkplawgroup.com
Matt Meyer, Esq. (SBN 275098)
mmeyer@mkplawgroup.com
MKP LAW GROUP
468 N. Camden Dr., #200
Beverly Hills, CA 90210
Tel:  (310) 285-5353
Fax: (855) 805-7673

Attorneys for Plaintiff, THOMAS LEE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS LEE, an individual,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; AREZOU T. YAGHOUGIAN, M.D.,<br><br>     Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL**

**INJURIES AND MONETARY DAMAGES**

COMES NOW the Plaintiff, Thomas Lee, by and through his attorneys, Adam D. Kim and Matt Meyer of MKP Law Group, and for his causes of action against Defendant herein, state and allege the following:

<u>JURISDICTION, VENUE, AND JURY TRIAL REQUEST</u>

1.     This Court has Subject Matter Jurisdiction over this action pursuant to 28

MKP
LAW GROUP
468 N. Camden Drive,
Suite 200
Beverly Hills, CA 90210

-1-
**COMPLAINT FOR DAMAGES**

USC §1346(b)(1).

2. Venue is proper in this District pursuant to 28 USC §1391(b)(2) and 28 USC §1391(e).

## THE PARTIES

1. Plaintiff, Thomas Lee ("Plaintiff"), is an individual residing in the County of Los Angeles, State of California.

2. Defendant, United States Department of Veterans Affairs West Los Angeles Medical Center (the "VA") is located in Los Angeles County and is organized and existing under the laws of the United States of America and the United States Constitution.

3. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendant, Arezou T. Yaghougian, M.D., was employed by the VA and committed acts and omission alleged herein while acting within the scope of her employment.

## FACTUAL RECITALS

4. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

5. Plaintiff is a 35-year old Army veteran. On July 31, 2019, Plaintiff underwent an open reduction internal fixation of a left middle finger P1 fracture that was performed at the West Los Angeles VA Medical Center by Dr. Arezou T. Yaghoubian, M.D.

6. According to the Operation Report, during the internal fixation procedure, Defendant Yaghoubian, or an agent/employee of the VA working under the direction of Defendant Yaghoubian, broke the head of a 1.5 mm diameter screw which became lodged in Plaintiff's left middle finger. Any attempt to remove the broken screw head was unsuccessful and it remained in Plaintiff's finger.

7. Defendant Yaghoubian and VA staff never told Plaintiff about the broken screw immediately after surgery and at Plaintiff's follow up visits in the subsequent months.

8. During this time, Plaintiff continued to endure issues with his finger which deprived him of full use of his left hand due to the broken screw penetrating a joint.

C:\MKP\Lee, Thomas\Complaint.Final.docx

Plaintiff's ailments included continued pain, loss of range of motion, an inability to make a fist, and an inability to grip and lift any objects of substantial weight.

9. Despite Plaintiff voicing these complaints to VA staff and requesting to speak with the Defendant Yaghoubian during these follow up visits, Plaintiff was never told about the broken lodged screw head in his finger and his requests to meet with Defendant Yaghoubian were denied.

10. It was not until Plaintiff visited his occupational therapist several months after the surgery that Plaintiff finally discovered that a broken screw remained in his finger.

11. After occupational therapy did not relieve Plaintiff's pain and stiffness, on July 27, 2020, Plaintiff underwent surgery to remove the broken hardware and extensor tenolysis. It was not until this subsequent surgery that Plaintiff's condition began to improve.

12. In July 2020, Plaintiff submitted a Claim for Damage, Injury, or Death (Form 95) seeking damages in the amount of $325,000.00. The Office of General Counsel denied Plaintiff's claim by letter dated February 4, 2021.

## FIRST CAUSE OF ACTION
### Medical Negligence

13. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

14. On July 31, 2019, Plaintiff underwent an open reduction internal fixation of a left middle finger P1 fracture that was performed at the West Los Angeles VA Medical Center by Dr. Arezou T. Yaghoubian, M.D.

15. Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendant, Arezou T. Yaghougian, M.D., was employed by the VA and was acting within the scope of her employment.

16. As Plaintiff's health care provider, Defendants had a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise while treating Plaintiff – before, during and after surgery.

MKP
LAW GROUP
468 N. Camden Drive,
Suite 200
Beverly Hills, CA 90210

-3-
**COMPLAINT FOR DAMAGES**

C:\MKP\Lee, Thomas\Complaint.Final.docx

17. Defendants breached their duty through acts and omissions which include, *inter alia*, the following:

   a. During the internal fixation procedure, Defendant Yaghoubian broke the head of a 1.5 mm diameter screw which became lodged in Plaintiff's left middle finger;

   b. Defendant Yaghoubian failed to remove the broken screw head and it remained in Plaintiff's finger; and

   c. Defendant Yaghoubian and VA staff withheld the fact that Plaintiff had a broken screw head lodged in his finger immediately after surgery and at Plaintiff's follow up visits in the subsequent months; and

   d. Defendant Yaghoubian failed to meet with Plaintiff at his subsequent visits despite Plaintiff's request to speak with her and despite Plaintiff's complaints that his finger was not healing properly. It was not until after Plaintiff made a complaint with the White House VA hotline that Defendant Yaghoubian reached out to speak with Plaintiff.

18. As a proximate result, Plaintiff endured issues with his finger which deprived him of full use of his left hand due to the broken screw penetrating a joint. Plaintiff's ailments included continued pain, loss of range of motion, an inability to make a fist, and an inability to grip and lift any objects of substantial weight.

19. During these months, as Defendants left Plaintiff in the dark about the possible causes of this pain and discomfort, Plaintiff was left wondering why his hand was not properly healing.

20. As a proximate result of Defendants' breaches, Plaintiff underwent surgery to remove the broken hardware and extensor tenolysis on July 27, 2020, and has incurred medical and other expenses, and is informed and believes and thereon alleges, that Plaintiff will continue to incur additional expenses in the future, all to Plaintiff's damage in an amount according to proof at trial. The amount of Plaintiff's past and future medical and other expenses will be subject to further proof at the time of trial, at which time, Plaintiff

MKP
LAW GROUP
468 N. Camden Drive,
Suite 200
Beverly Hills, CA 90210

-4-
**COMPLAINT FOR DAMAGES**

C:\MKP\Lee, Thomas\Complaint.Final.docx

will seek leave to amend the prayer of this Complaint to conform to proof.

21. As a further proximate result of Defendants' negligence, Plaintiff suffered from, *inter alia*, pain, suffering, inconvenience, discomfort, and emotional distress, as Plaintiff was deprived of full use of his left hand due to the broken screw penetrating a joint which led to loss of range of motion, an inability to make a fist, and an inability to grip and lift any objects of substantial weight - all to Plaintiff's general damages in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

    1. For general damages in a sum to be proven at the time of trial;

    2. For special damages in a sum to be proven at the time of trial;

    3. Attorney's fees pursuant to 28 USC §2412(b);

    4. For costs of suit; and

    5. For such other and further relief as the Court may deem just and proper.

DATED:  April 2, 2021                        MKP LAW GROUP

                                                       /s/ Matt Meyer
                                                      Adam D. Kim, Esq.
                                                      Matt Meyer, Esq.
                                                      Attorneys for Plaintiff, THOMAS LEE